THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST LABORERS EMPLOYERS HEALTH & SECURITY TRUST, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> PRO CLEAN NW LLC, <br><br> Defendant. | CASE NO. C23-1970-JCC <br><br> ORDER |

  This matter comes before the Court *sua sponte*. Plaintiffs filed their complaint in this matter on December 21, 2023. (Dkt. No. 1.) The Clerk issued summons on December 26, 2023. (*See* Dkt. No. 2.) However, Plaintiffs failed to file a timely affidavit demonstrating service of that summons. *See* Fed. R. Civ. P 4(l). The Court therefore ordered Plaintiffs to show cause why the Court should not dismiss their case. (Dkt. No. 4.) In response, Plaintiffs indicated they had repeatedly attempted service, but their process server was unsuccessful each time. (*See* Dkt. No. 5 at 1.) As such, the Court found good cause for a second summons and an additional 60 days to perfect service on Defendant. (Dkt. No. 6 at 1.) This was on July 30, 2024. (*Id.*) Yet many months later, Plaintiffs have not yet sought that second summons, let alone demonstrated service of the prior summons.

  Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is

ORDER
C23-1970-JCC
PAGE - 1

filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. *Id.* The burden of establishing good cause is on the plaintiff. *Tucker v. City of Santa Monica*, 2013 WL 653996 slip op. at 2 (C.D. Cal. 2013).

To date, Plaintiffs have not explained why they have failed to seek a second summons or otherwise perfect service. In turn, the Court has already once afforded Plaintiffs the chance to perfect service, (*see* Dkt. No. 6), and will not affirmatively seek an explanation for Plaintiffs' failure to do so a second time. Thus, pursuant to Federal Rule of Civil Procedure 41(b), the Court DISMISSES Plaintiffs' case without prejudice for failure to prosecute.

DATED this 11th day of December 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE